# EXHIBIT B

**WEITZ & LUXENBERG, P.C.**
*A New York Professional Corporation*
Erin M. Boyle, Esq.
ID#: 312672020
220 Lake Drive East, Suite 210
Cherry Hill, NJ, 08002
(856) 755-1115
Attorneys for Plaintiff

**Alduha Ibrahim Leon, as Administrator of the Estate of Marvin R. Fields, deceased**

**Plaintiff**

**vs.**

**AMERICAN INTERNATIONAL INDUSTRIES, INC.;**

**BARRETT MINERALS;**

**CHATTEM, INC.;**

**CYPRUS MINES CORPORATION,** INDIVIDUALLY AND DOING BUSINESS AS AND AS SUCCESSOR IN INTEREST TO AMERICAN TALC COMPANY, METROPOLITAN TALC COMPANY, METROPOLITAN TALC CO., INC., AND CHARLES MATHIEU, INC.;

**JOHNSON & JOHNSON;**

**JOHNSON & JOHNSON CONSUMER COMPANIES, INC.;**

**NESLEMUR** as successor in interest to CLUBMAN;

**LLT MANAGEMENT LLC, F/K/A LTL MANAGEMENT LLC;**

**and JOHN DOE CORPORATIONS, 1-50**

**Defendants.**

**SUPERIOR COURT OF NEW JERSEY LAW DIVISION MIDDLESEX COUNTY**

**DOCKET NO. L- 000011-20 AS**

**CIVIL ACTION (ASBESTOS LITIGATION)**

**SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

The decedent, Marvin Fields, by way of Complaint against the Defendants named herein, allege as follows:

**PLAINTIFF-PARTIES**

1. The decedent, Marvin Fields, residing at 371 Flamingo Drive, Atlanta, Fulton County, State of Georgia.

2. The decedent, Marvin Fields was exposed to asbestos while using various talcum powder products both on himself, as well as on his children, beginning in the mid-1960s and continuing for decades thereafter. Plaintiff was exposed to Johnson & Johnson baby powder from the mid-1960s to the 2000s. Plaintiff was exposed to Clubman and GoldBond talcum powders from the mid-1960s until the early 1980s. He was exposed to this asbestos-containing talcum powder both during application and clean up.

3. The decedent, Marvin Fields, contracted mesothelioma and has suffered, and continues to suffer, from other various diverse injuries and attendant complications.

4. Decedent, Marvin Fields, contracted mesothelioma and has suffered, and continues to suffer, from other various diverse injuries and attendant complications.

5. Decedent, Marvin Fields, died on February 16, 2020 and leaves surviving his heir who sustained pecuniary loss resulting from his death.

6. On or about June 24, 2021 Alduha Ibrahim Leon was issued Letters of Administration of the Estate of Marvin Fields deceased, by the Clerk of the Probate Court, County of Fulton, State of Georgia.

7. Plaintiff Alduha Ibrahim Leon as decedent’s survivor and the Executor of his Estate is entitled to recover personal injury damages on behalf of decedent’s estate pursuant to N.J.S.A. 2A:15-3.

**DEFENDANTS-PARTIES**

8. Defendants, AMERICAN INTERNATIONAL INDUSTRIES, INC. AND NESLEMUR AS SUCCESSOR IN INTEREST TO CLUBMAN AND JERIS TALC; BARRETT MINERALS, INC.; CHATTEM, INC.; CYPRUS MINES CORPORATION, sued individually, doing business as, and as successor-in-interest to American Talc Company, Metropolitan Talc Company, Metropolitan Talc Co., Inc., and Charles Mathieu, Inc. .; JOHNSON & JOHNSON; JOHNSON & JOHNSON CONSUMER COMPANIES, INC.; NESLEMUR as successor in interest to CLUBMAN; LLT MANAGEMENT LLC, f/k/a LTL Management LLC; and JOHN DOE CORPORATIONS, 1-50 are corporations or other business entities organized under the laws of one or more states of the United States of America and doing business in New Jersey.

9. Defendants, JOHN DOE CORPORATIONS, 1-50, are the fictitious names or corporations, Partnerships, and/or other business entities whose identities are not presently known.

10. Defendants are and at all times relevant hereto were engaged directly or indirectly in the mining, milling, manufacturing, producing, processing, importing, compounding, converting, selling, merchandising, supplying, distributing and/or otherwise placing into the stream of commerce asbestos, material containing asbestos, asbestos containing products and/or asbestos compounds, including but not limited to talc.

11. Defendants knew or in the exercise of reasonable care should have known that Plaintiff, Marvin Fields was being exposed to asbestos containing products, asbestos fibers and asbestos dust, which were mined, milled, manufactured, produced, processed, imported, converted, compounded, supplied, distributed, sold and/or otherwise placed in the stream of commerce by these Defendants.

12. Defendants named herein have long been in possession of medical and scientific information which clearly indicated that asbestos, asbestos fibers and asbestos dust are hazardous to health and inherently dangerous materials.

**FIRST COUNT**

13. All previous paragraphs of the Complaint are repeated as if fully set forth herein.

14. Defendants were careless and negligent in that they:

(a) wrongfully processed, manufactured, packaged, distributed, used, delivered, and sold to distributors asbestos, materials containing asbestos, asbestos containing products and/or asbestos compounds for use by Plaintiff, others like his and the general public;

(b) failed to provide proper, adequate, correct and appropriate warnings, labels, advice, cautions, instructions, and information as to the use of and consequences of exposure to asbestos, its fibers and dusts and failed to use reasonable care as to same;

(c) failed to provide proper and appropriate warnings and cautions to all users of said asbestos products, fibers and dusts, both known and foreseeable, including Plaintiff; and

(d) failed to investigate, impose and comply with reasonable standards and regulations as to the safe use of and exposure to asbestos, asbestos fibers, and asbestos dust.

15. As a direct and proximate result of the aforementioned acts, omissions, carelessness and/or negligence on the part of Defendants, Plaintiff, Marvin Fields became ill with an asbestos-related disease, including mesothelioma. Plaintiff, Marvin Fields has been and will in the future be made to endure great pain and suffering, both physical and mental in nature; has been and will in the future be required to expend great sums of money for medical services; has been and will in the future be prevented from attending to his regular activities, duties, and responsibilities; and has been and will in the future be made to suffer severe pecuniary loss.

**WHEREFORE**, Plaintiff demands judgment against Defendants jointly, severally and/or in the alternative for such damages as may be permitted pursuant to the laws of the State of New Jersey, together with interest thereon, costs of suit, and attorney fees.

## SECOND COUNT

16. All previous paragraphs of the Complaint are repeated as if fully set forth herein.

17. The conditions set forth in the previous paragraphs of the Complaint were proximately caused by the Defendants in that they wrongfully processed, manufactured, packaged, distributed, used, supplied, delivered, and/or sold to distributors for use by Plaintiff, others like him, and the general public, various asbestos products containing asbestos fibers, materials containing asbestos, asbestos containing products and/or asbestos compounds and failed to render proper, adequate and correct warnings, advice, instruction, and information, and so acted in a grossly negligent, malicious, willful and wanton manner, with reckless disregard for the health and welfare of Plaintiff and others similarly situated, and failed to use reasonable care under all of the circumstances.

18. As a direct and proximate result of the aforementioned acts and/or omissions of gross, willful, wanton and malicious nature on the part of Defendants, Plaintiff, Marvin Fields became ill with an asbestos-related disease, including mesothelioma. Plaintiff, Marvin Fields has been and will in the future be made to endure great pain and suffering, both physical and mental in nature; has been and will in the future be required to expend great sums of money for medical services; has been and will in the future be prevented from attending to his regular activities, duties, and responsibilities; and has been and will in the future be made to suffer severe pecuniary loss.

**WHEREFORE**, Plaintiff demands judgment against Defendants jointly, severally and/or in the alternative for such damages as may be permitted pursuant to the laws of the State of New Jersey, together with interest thereon, costs of suit, and attorney fees.

**THIRD COUNT**

19. All previous paragraphs of the Complaint are repeated as if fully set forth herein.

20. At all times relevant hereto, the Defendants, as a part of their businesses, manufactured, processed, fashioned, sold, distributed, supplied, and delivered asbestos, products containing asbestos fibers, materials containing asbestos, asbestos containing products and/or asbestos compounds into the stream of commerce in a defective, unsafe and inherently dangerous condition in that, among other things, adequate warnings, instructions and precautions were not given to known and foreseeable users and handlers, including Plaintiff, and the products and materials were expected to and did reach such persons, including Plaintiff, without substantial change in the condition in which they were sold.

21. At all times relevant hereto, the asbestos containing products and materials were used and employed for the purposes for which they were mined, processed and manufactured, designed, fashioned, packaged, inspected, tested, sold and intended to be used, and in a manner foreseeable to the Defendants.

22. The injuries and resulting damages to Plaintiff was caused by the defective, unsafe and dangerous condition of the asbestos products and materials which Defendants distributed, supplied, sold, and otherwise placed in the stream of commerce.

23. As a direct and proximate result of the aforementioned marketing of defective products by Defendants, thereby imposing strict liability upon these Defendants, Plaintiff, Marvin Fields became ill with an asbestos-related disease, including mesothelioma. Plaintiff has been and

will in the future be made to endure great pain and suffering, both physical and mental in nature; has been and will in the future be required to expend great sums of money for medical services; has been and will in the future be prevented from attending to his regular activities, duties, and responsibilities; and has been and will in the future be made to suffer severe pecuniary loss.

**WHEREFORE**, Plaintiff demands judgment against Defendants jointly, severally and/or in the alternative for such damages as may be permitted pursuant to the laws of the State of New Jersey, together with interest thereon, costs of suit, and attorney fees.

**FOURTH COUNT**

24. All previous paragraphs of the Complaint are repeated as if fully set forth herein.

25. Defendants warranted either expressly or impliedly that said asbestos products and materials were of merchantable quality, fit and safe for the purpose for which they were mined, processed, manufactured, fashioned, packaged, inspected, tested, distributed, sold, intended and used.

26. Defendants breached said warranties in that said asbestos products and materials were not of merchantable quality, fit and safe for the purposes for which they were mined, processed, manufactured, fashioned, packaged, inspected, tested, distributed, sold, intended and used in that, among other things, adequate warnings, precautions and instructions were not provided to users, handlers and persons coming into contact with said products.

27. As a direct and proximate result of the breach of said warranties, Plaintiff, Marvin Fields became ill with an asbestos-related disease, including mesothelioma. Plaintiff has been and will in the future be made to endure great pain and suffering, both physical and mental in nature; has been and will in the future be required to expend great sums of money for medical services;

has been and will in the future be prevented from attending to his regular activities, duties, and responsibilities; and has been and will in the future be made to suffer severe pecuniary loss.

**WHEREFORE**, Plaintiff demands judgment against Defendants jointly, severally and/or in the alternative for such damages as may be permitted pursuant to the laws of the State of New Jersey, together with interest thereon, costs of suit, and attorney fees.

## FIFTH COUNT

28. All previous paragraphs of the Complaint are repeated as if fully set forth herein.

29. Defendants failed to disclose and intentionally and negligently misrepresented to Plaintiff the health risks created by ordinary use of Defendants' asbestos products.

30. Plaintiff relied upon said representations, and Plaintiff's reliance was foreseeable to Defendants.

31. As a result of Defendants' conduct, Plaintiff, Marvin Fields became ill with an asbestos-related disease, including mesothelioma. Plaintiff has been and will in the future be made to endure great pain and suffering, both physical and mental in nature; has been and will in the future be required to expend great sums of money for medical services; has been and will in the future be prevented from attending to his regular activities, duties, and responsibilities; and has been and will in the future be made to suffer severe pecuniary loss.

**WHEREFORE**, Plaintiff demands judgment against Defendants jointly, severally and/or in the alternative for such damages as may be permitted pursuant to the laws of the State of New Jersey, together with interest thereon, costs of suit, and attorney fees.

## SIXTH COUNT

32. All previous paragraphs of the Complaint are repeated as if fully set forth herein.

33. Defendants mined, milled, produced, processed, compounded, converted, sold, merchandised, supplied, distributed or installed all, or substantially all, of the asbestos products to which Plaintiff was exposed.

34. Defendants controlled the market, or a substantial portion of the market, from which the asbestos products which caused Plaintiff's injuries emanated.

35. Defendants collectively, through explicit agreement, tacit agreement and conscious parallel behavior, controlled industry standards regarding the testing, manufacture, sale, distribution and use of asbestos products and controlled the level of knowledge on the part of the public regarding the hazards of exposure to dust and fibers from Defendants' asbestos products.

36. As a direct and proximate consequence of Defendants' acts and omissions, Plaintiff, Marvin Fields became ill with an asbestos-related disease, including mesothelioma. Plaintiff has been and will in the future be made to endure great pain and suffering, both physical and mental in nature; has been and will in the future be required to expend great sums of money for medical services; has been and will in the future be prevented from attending to his regular activities, duties, and responsibilities; and has been and will in the future be made to suffer severe pecuniary loss.

**WHEREFORE**, Plaintiff demands judgment against Defendants jointly, severally and/or in the alternative for such damages as may be permitted pursuant to the laws of the State of New Jersey, together with interest thereon, costs of suit, and attorney fees.

## SEVENTH COUNT

37. All previous paragraphs of the Complaint are repeated as if fully set forth herein.

38. Defendants acted in concert with each other and with other members of the asbestos industry, through express agreement, implicit agreement, imitative behavior and conscious parallel behavior:

(a) to withhold from users of their products, and from persons who Defendants knew or should have known would be exposed to their products, information regarding the health risks of breathing or ingesting asbestos dust and fibers;

(b) to eliminate or prevent development of adequate procedures and tests relating to the health hazards of exposure to asbestos fibers and dust; and

(c) to assure that asbestos products became widely used in industries such as construction, shipbuilding, machine fabrication and similar such industries.

39. Defendants knew that their activities were in violation of common law standards of care and that their withholding of information, failure to develop tests and procedures and promotion of widespread use of asbestos products would expose persons such as Plaintiff to unreasonable risk of bodily injury.

40. Defendants nevertheless gave substantial assistance and encouragement to each other and to other members of the asbestos industry and assisted each other and other members of the asbestos industry in: withholding information regarding the dangers of asbestos; failing to develop tests and procedures to assure that users of asbestos would not be subjected to risk of injury; and promoting widespread use of products which Defendants knew would expose Plaintiff to unreasonable risk of bodily injury.

41. As a direct and proximate consequence of the concerted actions of Defendants and other members of the asbestos industry, Plaintiff, Marvin Fields became ill with an asbestos-related disease, including mesothelioma. Plaintiff has been and will in the future be made to endure great pain and suffering, both physical and mental in nature; has been and will in the future be required to expend great sums of money for medical services; has been and will in the future be prevented

from attending to his regular activities, duties, and responsibilities; and has been and will in the future be made to suffer severe pecuniary loss.

**WHEREFORE**, Plaintiff demands judgment against Defendants jointly, severally and/or in the alternative for such damages as may be permitted pursuant to the laws of the State of New Jersey, together with interest thereon, costs of suit, and attorney fees.

**EIGHTH COUNT**

42. All previous paragraphs of the Complaint are repeated as if fully set forth herein.

43. The Defendants constitute all known, non-remote producers, manufacturers, suppliers, installers and distributors of the asbestos products which could have caused Plaintiff's injuries.

44. Each of the Defendants, whether acting individually or in concert with others, violated a duty of care to Plaintiff or otherwise engaged in culpable activity against Plaintiff. The acts and omissions of at least one of the Defendants caused Plaintiff to suffer the injuries, losses and expenses alleged in prior counts of this complaint.

45. Plaintiff in no respect can be blamed should she be unable to establish which of the asbestos products caused the injuries complained of herein.

46. The burden of proof in this matter thus should shift to Defendants to demonstrate that their respective conduct and their respective products could not have caused Plaintiff, Marvin Fields injuries, and, failing such proof, Defendants should be held jointly, severally or alternatively liable for Plaintiff Marvin Fields injuries.

**WHEREFORE**, Plaintiff demands judgment against Defendants jointly, severally and/or in the alternative for such damages as may be permitted pursuant to the laws of the State of New Jersey, together with interest thereon, costs of suit, and attorney fees.

**NINTH COUNT**
**NEW JERSEY PRODUCTS LIABILITY, NJSA 2A:58C-1 *et seq.***

47. All previous paragraphs of the Complaint are repeated as if fully set forth herein

48. Defendants are *strictly liable* to Plaintiff by reason of the following:

A. Defendants were engaged in the business of being a miner, miller, designer, manufacturer, producer, processor, seller, supplier, and distributor of its asbestos and asbestos-containing products;

B. Defendants knew or had reason to know that Plaintiff, Marvin Fields, and other persons similarly situated would be ultimate users or consumers of its asbestos and asbestos-containing products or would be exposed to its asbestos and asbestos-containing products;

C. Defendants sold or otherwise placed its asbestos-containing products into the stream of commerce in a defective condition, unreasonably dangerous to Plaintiff, Marvin Fields, and other persons similarly situated;

D. Throughout the many years that Plaintiff, Marvin Fields, and other similarly situated persons were exposed to and used Defendants' asbestos-containing products, said asbestos-containing products reached the users and consumers without substantial change in the condition in which they were sold;

E. The ordinary and foreseeable use of Defendants' asbestos-containing products constituted a dangerous and ultra-hazardous activity and created an unreasonable risk of injury to users and bystanders;

F. Defendants' asbestos and asbestos-containing products were defective in that they were incapable of being made safe for their ordinary and intended use and purpose due to their defective design, and Defendants failed to give any

warnings or instructions, or failed to give adequate or sufficient warnings or instructions about the risks, dangers and harm associated with the use of its asbestos and asbestos-containing products.

49. As a consequence of the defective condition of Defendants' asbestos-containing products and Defendants' failure to warn, Plaintiff, Marvin Fields, inhaled or ingested asbestos dust and fibers during ordinary and foreseeable use of those asbestos-containing products. Plaintiff, Marvin Fields became ill with an asbestos-related disease, including mesothelioma. Plaintiff, Marvin Fields has been and will in the future be made to endure great pain and suffering, both physical and mental in nature; has been and will in the future be required to expend great sums of money for medical services; has been and will in the future be prevented from attending to his regular activities, duties, and responsibilities; and has been and will in the future be made to suffer severe pecuniary loss.

**TENTH COUNT**

50. All previous paragraphs of this Complaint are repeated as if fully set forth herein.

51. The estate of decedent Marvin Fields was liable for and, in fact, paid and/or will pay for hospital, medical, funeral and memoriam services and charges for the Decedent.

52. The decedent, Marvin Fields left a survivor who, at the time of his demise by reason of his wrongful death, has suffered pecuniary losses.

53. There is, and at the time of the illness hereinabove set forth, there was in force and effect in the State of New Jersey a death statute designated as N.J.S.A. 2A:31-1 through 6, and Plaintiff brings this action pursuant to the provisions thereof for the benefit of the next of kin.

**WHEREFORE**, Plaintiff demands judgment against Defendants jointly, severally and/or

in the alternative for such damages as may be permitted pursuant to the laws of the State of New Jersey together with interest thereon, costs of suit, and attorney fees.

**WEITZ & LUXENBERG, P.C.**
*A New York Professional Corporation*
Attorneys for Plaintiff

By: Erin M. Boyle, Esq.

Dated: February 12, 2024

**JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all issues so triable.

**WEITZ & LUXENBERG, P.C.**
*A New York Professional Corporation*
Attorneys for Plaintiff

By: Erin M. Boyle, Esq.

Dated: February 12, 2024

**CERTIFICATION PURSUANT TO RULE 4:5-1**

I hereby certify that to my knowledge the within matter in controversy is not the subject of any other action currently pending in any court or of a pending arbitration proceeding, and that no other action or arbitration proceeding is contemplated. I have no knowledge at the time of any non-party who should be joined in the action.

**WEITZ & LUXENBERG, P.C.**
*A New York Professional Corporation*
Attorneys for Plaintiff

By: Erin M. Boyle, Esq.

Dated: February 12, 2024

**DESIGNATION OF TRIAL COUNSEL**

Pursuant to Rule 4:25-4, Erin M. Boyle is hereby designated as trial counsel in this matter.

**WEITZ & LUXENBERG, P.C.**
*A New York Professional Corporation*
Attorneys for Plaintiff

By: Erin M. Boyle, Esq.

Dated: February 12, 2024